## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **LESLIE HUTCHISON,** | |
| Plaintiff, | |
| v. | Case No. 4:20-cv-00466-MAL |
| **MONSANTO COMPANY.,** | |
| Defendant. | |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff Leslie Hutchison's Motion for Leave to File Amended Complaint Doc. 29.   Defendant, Monsanto Company, has filed a memorandum in opposition.  Doc. 30.  Hutchison filed a reply in support of his motion. Doc. 62.  The Motion is **GRANTED** for the following reasons.

After a party amends its pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Hutchison requests the Court's leave here, which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave "should normally be granted absent good reason for denial.  The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the non-moving party, or futility of amendment.'" *Popp Telcom v. Am. Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000) (internal citations omitted).  But "[d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown."  *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).  The party opposing amendment bears the burden of proving that some reason exists to deny

leave to amend. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). "[W]hether to allow a party to amend her complaint is left to the sound discretion of the district court[.]" *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Monsanto claims that the allegations in ¶ 228 of the amended complaint regarding IBT and Craven are new. Doc. 30 at 3. Contrary to Monsanto's assertions, the amended complaint contains only a minor factual difference. The original complaint includes allegations connecting the two laboratories to Monsanto and claiming the laboratories committed scientific fraud. Doc 1 at ¶¶ 102-108. While it does not mention that Craven was convicted (only that Craven was indicted), this does not prejudice Monsanto. The original allegation put Monsanto on notice that the investigations into Craven were relevant at which point Monsanto could have discovered the conviction.

Further, to the extent the allegations seeking punitive damages are new, any claim of prejudice is fatally undermined by Monsanto's admission that they were on notice of the possibility of punitive damages. As Monsanto notes in the context of futility, they have already litigated the issue of punitive damages in multiple trials covering the same course of conduct. Doc. 30 at 7.

Outside of reference to the new allegations, Monsanto does not meet its burden of demonstrating how any delay caused prejudice. Nor does it demonstrate futility.

*        *        *

**IT IS HEREBY ORDERED** that Plaintiff Leslie Hutchison's Motion For Leave to File Amended Complaint (Doc. 29) is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff Leslie Hutchinson file a clean copy of the proposed Amended Complaint, attached as Exhibit A to her Motion for Leave to File Amended Complaint.

SO ORDERED,

This 24th day of April, 2026.

Hon. Maria A. Lanahan
United States District Judge