**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LESLIE HUTCHISON,<br><br>*Plaintiff,*<br><br>v.<br><br>MONSANTO CO.,<br><br>*Defendant.* | No. 4:20-cv-466-MAL |

## Memorandum and Order

Defendant Monsanto Co. ("Monsanto") issued Requests for Production ("RFPs") to Plaintiff Hutchison's expert, Dr. Charles Benbrook. Doc. 92 at 1. Dr. Benbrook filed objections to Request Nos. 19 and 21. *Id.* at 1–2. The parties sought the Court's intervention. *Id.* at 2. The Court **SUSTAINS** Dr. Benbrook's objections to Request Nos. 19 and 21.

## I. Background

Monsanto served RFPs on Dr. Charles Benbrook, Hutchison's expert. Doc. 92 at 1. Dr. Benbrook filed various objections to the RFPs. Doc. 111 at 1–21. This dispute concerns Request Nos. 19 and 21. Doc. 92 at 1–2. Request No. 19 seeks all of Dr. Benbrook's communications with 42 doctors regarding glyphosate, glyphosate-based herbicides, Roundup, IARC, Hutchison, Hutchison's physicians, and Monsanto. Doc. 92 at 1. Request No. 21 seeks all of Dr. Benbrook's documents and communications regarding an amicus brief authored by the Heartland Health Research Alliance ("HHRA"). Doc. 92 at 1. The Court held a hearing on the dispute on October 6, 2026. Doc. 102.

## II. Legal Standard

Because Dr. Benbrook is not a party to the lawsuit, the Court analyzes this dispute under Rule 45, which governs discovery subpoenas directed at third parties.[1] Fed. R. Civ. P. 45; *see, e.g.*, *Shukh v. Seagate Tech. LLC*, 295 F.R.D. 228, 231–39 (D. Minn. 2013) (analyzing discovery subpoena against expert under Rule 45).

Third-party subpoenas under Rule 45 should not be as burdensome as party discovery. *See* 9A *Wright & Miller's Federal Practice and Procedure*§ 2459 (3d ed. 2026) (noting that subpoenas duces tecum are "not designed to put the person subpoenaed to the expense of compiling information from his or her records or analyzing their content"); *see also Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) (recognizing that courts must be "particularly mindful of Rule 45's undue burden and expense" limitations "[w]hen a nonparty is subpoenaed."). Consequently, Rule 45 subpoenas must "avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

## III. Analysis

Monsanto claims that its RFPs are needed to shed light on Dr. Benbrook's methods, reliability, and bias. Doc. 92 at 2. Hutchison argues that the RFPs are unduly burdensome. Doc. 93 at 2; Doc. 111 at 1–3, 16–18. The Court agrees with Hutchison.

### A. Request No. 19 is unduly burdensome.

Request No. 19 is unduly burdensome. Fed. R. Civ. P. 45(d)(1). Monsanto argues that Dr. Benbrook's personal communications with 42 doctors will help shed light on his methodology and reliability. Doc. 92 at 1–2. In the Court's judgment, Monsanto appears to be seeking additional impeachment information to call Dr. Benbrook's objectivity into question. But his deposition contains plenty of information that could be used to impeach him. For instance, the deposition includes discussion of Dr. Benbrook's compensation, financial entanglements, organizational

---

[1] It appears from the hearing on this discovery dispute, Doc. 102, that the parties agreed to treat RFPs like Rule 45 subpoenas. Accordingly, the Court applies Fed. R. Civ. P. 45 to resolve this dispute.

affiliations, and personal involvement in the creation of scientific studies. *See, e.g.*, Doc. 111-1 at 40–43, 70–77. Monsanto has not adequately explained what specific additional impeachment information it hopes to gain from perusing Dr. Benbrook's communications with 42 different doctors. The Court is cognizant of the need to avoid imposing unduly burdensome discovery obligations on nonparty experts, who might otherwise be deterred from participating in federal-court litigation. See Fed. R. Civ. P. 45(d)(1). The Court is also disinclined to facilitate fishing expeditions. *See Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (recognizing the need to guard against "fishing expeditions in discovery"). The Court finds that Request No. 19 imposes an undue burden. Fed. R. Civ. P. 45(d)(1).

**B. Request No. 21 is unduly burdensome.**

Request No. 21 is unduly burdensome for the same reasons as Request No. 19. Through this RFP, Monsanto appears to be seeking additional unspecified impeachment information. *See* Doc. 92 at 1–2. As noted above, the Court sees no need to allow sweeping searches of Dr. Benbrook's documents and communications to uncover unspecified impeachment information. Monsanto has not adequately explained why the information uncovered during Dr. Benbrook's deposition would be insufficient for impeachment. *See, e.g.*, Doc. 111-1 at 40–43, 70–77. The Court finds that Request No. 21 imposes an undue burden. Fed. R. Civ. P. 45(d)(1).

**Conclusion**

Accordingly, the objections to Monsanto's Request Nos. 19 and 21 are **SUSTAINED**.

**SO ORDERED,**

This 24th day of November, 2026.

Maria A. Lanahan

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE